Vineet Bhatia (VB 9964)
SUSMAN GODFREY, LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
(713) 653-7855


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ITW TECH SPRAY, L.L.C.,                    :    ECF CASE
                                           :
            Plaintiff,                     :    Civil Action No. '07-CIV-6676
                                           :    Judge Crotty
V.                                         :
                                           :
TECH SPRAY MANAGEMENT                      :    **DEFENDANTS' ANSWER TO**
COMPANY, L.L.C., RICHARD RUSSELL           :    **PLAINTIFF'S COMPLAINT**
AND RITA RUSSELL,                          :
                                           :
            Defendants                     :
                                           :
------------------------------------------------------------ x

Defendants Tech Spray Management Company, L.L.C., Richard Russell and Rita Russell (collectively "Defendants") files its Answer to Plaintiff ITW TechSpray L.L.C.'s ("ITW TechSpray") Complaint and would respectfully show the Court as follows:

## ANSWER

1.  Defendants deny the allegations in Paragraph 1 of the Complaint.

2.  Paragraph 2 of the Complaint is argumentative and sets forth legal conclusions for which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 2 of the Complaint.

3.  Paragraph 3 of the Complaint is argumentative and sets forth legal conclusions for which no response is required. To the extent a further response is required, Defendants deny the allegations in Paragraph 3 of the Complaint.

797514v1/009937                            1

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint sets forth legal conclusions for which no response is required.

8. Paragraph 8 of the Complaint sets forth legal conclusions for which no response is required.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants admit that ITW began negotiations with Owners during the summer 2005, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint.

31. Defendants admit the allegations in Paragraph 31 of the Complaint.

32. Defendants admit that a VDR was opened to facilitate due diligence but deny the remaining allegations in Paragraph 32 of the Complaint.

33. Defendants admit the allegations in Paragraph 33 of the Complaint.

34. Defendants admit the allegations in Paragraph 34 of the Complaint.

35. Defendants admit that 134a is a propellant used in aerosol solvents and dusters, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint.

36. Defendants admit the allegations in Paragraph 36 of the Complaint.

37. Defendants admit the allegations in Paragraph 37 of the Complaint.

38. Defendants admit that the VDR contained the original supply contract with Arkema, but the remaining allegations of this paragraph contain a legal conclusion to which no response is required. Defendants refer the Court to the original supply contract for its terms and conditions and the obligations imposed on Techspray. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 38 of the Complaint.

39. Defendants admit that the VDR contained the first amendment to the supply contract with Arkema, but the remaining allegations of this paragraph contain a legal conclusion to which no response is required. Defendants refer the Court to the first amendment to the supply contract for its terms and conditions and the obligations imposed on Techspray. To the

extent a further response is required, Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40. Defendants admit that the VDR contained the second amendment to the supply contract with Arkema, but the remaining allegations of this paragraph contain a legal conclusion to which no response is required. Defendants refer the Court to the second amendment to the supply contract for its terms and conditions and the obligations imposed on Techspray. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 40 of the Complaint.

41. Defendants admit that the VDR contained the third amendment to the supply contract with Arkema, but the remaining allegations of this paragraph contain a legal conclusion to which no response is required. Defendants refer the Court to the third amendment to the supply contract for its terms and conditions and the obligations imposed on Techspray. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants admit the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants admit that Mr. Spradlin executed a fourth amendment to the supply contract, but the remaining allegations of this paragraph contain a legal conclusion to which no response is required. Defendants refer the Court to the fourth amendment to the supply contract for its terms and conditions and the obligations imposed on Techspray. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants admit the allegations in Paragraph 48 of the Complaint.

49. Defendants admit the allegations in Paragraph 49 of the Complaint.

50. Defendants admit the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants admit the allegations in Paragraph 52 of the Complaint to the extent the allegations in this paragraph refers to actions personally taken by Richard Russell. To the extent, however, that the allegations in this paragraph refer to actions taken by other TechSpray employees, the allegations are denied.

53. Defendants admit the allegations in Paragraph 53 of the Complaint to the extent the allegations in this paragraph refers to actions personally taken by Richard Russell. To the extent, however, that the allegations in this paragraph refer to actions taken by other TechSpray employees, the allegations are denied.

54. Defendants admit the allegations in Paragraph 54 of the Complaint to the extent the allegations in this paragraph refers to actions personally taken by Rita Russell. To the extent, however, that the allegations in this paragraph refer to actions taken by other TechSpray employees, the allegations are denied.

55. Defendants admit the allegations in Paragraph 55 of the Complaint to the extent the allegations in this paragraph refers to actions personally taken by Rita Russell. To the extent, however, that the allegations in this paragraph refer to actions taken by other TechSpray employees, the allegations are denied.

56. Defendants admit the allegations in Paragraph 56 of the Complaint to the extent the allegations in this paragraph refers to actions personally taken by Grant Russell. To the

extent, however, that the allegations in this paragraph refer to actions taken by other TechSpray employees, the allegations are denied.

57. Defendants admit the allegations in Paragraph 57 of the Complaint to the extent the allegations in this paragraph refers to actions personally taken by Grant Russell. To the extent, however, that the allegations in this paragraph refer to actions taken by other TechSpray employees, the allegations are denied.

58. Defendants deny knowledge or information sufficient to form a belief or to the truth of the allegations in Paragraph 58 of the Complaint.

59. Defendants deny knowledge or information sufficient to form a belief or to the truth of the allegations in Paragraph 59 of the Complaint.

60. Defendants deny knowledge or information sufficient to form a belief or to the truth of the allegations in Paragraph 60 of the Complaint.

61. Defendants deny knowledge or information sufficient to form a belief or to the truth of the allegations in Paragraph 61 of the Complaint.

62. Defendants deny knowledge or information sufficient to form a belief or to the truth of the allegations in Paragraph 62 of the Complaint.

63. Defendants deny knowledge or information sufficient to form a belief or to the truth of the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants admit the allegations in Paragraph 70 of the Complaint to the extent the allegations in this paragraph refers to actions personally taken by Richard Russell. To the extent, however, that the allegations in this paragraph refer to actions taken by other TechSpray employees, the allegations are denied.

71. Defendants admit the allegations in Paragraph 71 of the Complaint to the extent the allegations in this paragraph refers to actions personally taken by Rita Russell. To the extent, however, that the allegations in this paragraph refer to actions taken by other TechSpray employees, the allegations are denied.

72. Defendants admit the allegations in Paragraph 72 of the Complaint to the extent the allegations in this paragraph refers to actions personally taken by Grant Russell. To the extent, however, that the allegations in this paragraph refer to actions taken by other TechSpray employees, the allegations are denied.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny knowledge or information sufficient to form a belief or to the truth of the allegations in Paragraph 74 of the Complaint.

75. Defendants deny knowledge or information sufficient to form a belief or to the truth of the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Defendants admit the allegations in Paragraph 86 of the Complaint.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint, except that Defendants admit that Mr. Witcher resigned from ITW Techspray.

89. Defendants deny the allegations in Paragraph 89 of the Complaint, except that Defendants admit that Mr. Spradlin resigned from ITW Techspray.

90. Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Complaint.

96. Defendants deny the allegations in Paragraph 96 of the Complaint.

97. Defendants deny the allegations in Paragraph 97 of the Complaint.

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

99. Defendants deny the allegations in Paragraph 99 of the Complaint.

100. Defendants deny the allegations in Paragraph 100 of the Complaint, except that Defendants admit that Grant Russell was terminated by ITW Techspray.

101. Defendants deny the allegations in Paragraph 101 of the Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Complaint.

103. Paragraph 103 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants refer the Court to the ASA for the terms and conditions of ITW's acquisition of Teschspray.

104. Paragraph 104 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants refer the Court to the ASA for the obligations of the Owners of Techspray. To the extent a further response is required, Defendants deny the allegations in Paragraph 104.

105. Paragraph 105 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants refer the Court to the ASA for the warranties and representations of the Owners. To the extent a further response is required, Defendants deny the allegations in Paragraph 105.

106. Paragraph 106 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants refer the Court to the ASA for the warranties and representations of the Owners. To the extent a further response is required, Defendants deny the allegations in Paragraph 106.

107. Paragraph 107 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants refer the Court to the ASA for the obligations of the Owners. To the extent a further response is required, Defendants deny the allegations in Paragraph 107.

108. Paragraph 108 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants refer the Court to the ASA for the obligations of the Owners. To the extent a further response is required, Defendants deny the allegations in Paragraph 108.

109. Paragraph 109 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants refer the Court to the ASA for the obligations of the Owners. To the extent a further response is required, Defendants deny the allegations in Paragraph 109.

110. Paragraph 110 of the Complaint sets forth a provision from the ASA, and no response is required. To the extent a response is required, Defendants refer the Court to the ASA for the provisions of that agreement.

111. Paragraph 111 of the Complaint sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants refer the Court to the ASA for the obligations of the Owners. To the extent a further response is required, Defendants admit that they have fulfilled their obligations under the ASA.

112. Defendants admit the allegations in Paragraph 112 of the Complaint.

113. Defendants admit the allegations in Paragraph 113 of the Complaint.

114. Defendants admit the allegations in Paragraph 114 of the Complaint.

115. Defendants admit the allegations in Paragraph 115 of the Complaint.

116. Defendants admit the allegations in Paragraph 116 of the Complaint.

117. Defendants admit the allegations in Paragraph 117 of the Complaint.

118. Defendants admit the allegations in Paragraph 118 of the Complaint.

119. Defendants admit the allegations in Paragraph 119 of the Complaint.

120. Defendants deny the allegations in Paragraph 120 of the Complaint.

121. Defendants deny the allegations in Paragraph 121 of the Complaint.

122. Defendants admit the allegations in Paragraph 122 of the Complaint.

123. Defendants admit the allegations in Paragraph 123 of the Complaint.

124. Defendants deny the allegations in Paragraph 124 of the Complaint.

125. Defendants deny the allegations in Paragraph 125 of the Complaint.

126. Defendants deny the allegations in Paragraph 126 of the Complaint.

127. Defendants deny the allegations in Paragraph 127 of the Complaint.

128. Defendants deny the allegations in Paragraph 128 of the Complaint.

129. Defendants deny the allegations in Paragraph 129 of the Complaint.

130. Defendants deny the allegations in Paragraph 130 of the Complaint.

131. Defendants deny the allegations in Paragraph 131 of the Complaint.

132. Defendants deny the allegations in Paragraph 132 of the Complaint.

133. Defendants deny the allegations in Paragraph 133 of the Complaint.

134. Defendants deny the allegations in Paragraph 134 of the Complaint.

135. Defendants deny the allegations in Paragraph 135 of the Complaint.

136. Defendants deny the allegations in Paragraph 136 of the Complaint.

137. Defendants deny the allegations in Paragraph 137 of the Complaint.

138. Defendants deny the allegations in Paragraph 138 of the Complaint.

139. Defendants deny the allegations in Paragraph 139 of the Complaint.

140. Defendants admit the allegations in Paragraph 140 of the Complaint.

141. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the Complaint.

142. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Complaint.

143. Defendants deny the allegations in Paragraph 143 of the Complaint.

144. Defendants deny the allegations in Paragraph 144 of the Complaint.

145. Defendants incorporate by reference the responses to paragraphs 1 through 144, as if fully set forth herein.

146. Paragraph 146 of the Complaint sets forth a legal conclusion for which no response is required. Defendants refer the Court to the ASA for its terms and conditions.

147. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint.

148. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Complaint.

149. Defendants deny the allegations in Paragraph 149 of the Complaint.

150. Defendants deny the allegations in Paragraph 150 of the Complaint.

151. Defendants deny the allegations in Paragraph 151 of the Complaint.

152. Defendants deny the allegations in Paragraph 152 of the Complaint.

153. Defendants deny the allegations in Paragraph 153 of the Complaint.

154. Defendants deny the allegations in Paragraph 154 of the Complaint.

155. Defendants incorporate by reference the responses to paragraphs 1 through 154, as if fully set forth herein.

156. Defendants deny the allegations in Paragraph 156 of the Complaint.

157. Defendants deny the allegations in Paragraph 157 of the Complaint.

158. Defendants deny the allegations in Paragraph 158 of the Complaint.

159. Defendants deny the allegations in Paragraph 159 of the Complaint.

160. Defendants deny the allegations in Paragraph 160 of the Complaint.

161. Defendants deny the allegations in Paragraph 161 of the Complaint.

162. Defendants deny the allegations in Paragraph 162 of the Complaint.

163. Defendants deny the allegations in Paragraph 163 of the Complaint.

164. Defendants deny the allegations in Paragraph 164 of the Complaint.

165. Defendants deny the allegations in Paragraph 165 of the Complaint.

166. Defendants deny the allegations in Paragraph 166 of the Complaint.

167. Defendants deny the allegations in Paragraph 167 of the Complaint.

168. Defendants deny the allegations in Paragraph 168 of the Complaint.

169. Defendants deny the allegations in Paragraph 169 of the Complaint.

170. Defendants deny the allegations in Paragraph 170 of the Complaint.

171. Defendants deny the allegations in Paragraph 171 of the Complaint.

172. Defendants deny the allegations in Paragraph 172 of the Complaint.

173. Defendants deny the allegations in Paragraph 173 of the Complaint.

174. Defendants deny the allegations in Paragraph 174 of the Complaint.

175. Defendants deny the allegations in Paragraph 175 of the Complaint.

176. Defendants deny the allegations in Paragraph 176 of the Complaint.

177. Defendants deny the allegations in Paragraph 177 of the Complaint.

178. Defendants deny the allegations in Paragraph 178 of the Complaint.

179. Defendants deny the allegations in Paragraph 179 of the Complaint.

180. Defendants deny the allegations in Paragraph 180 of the Complaint.

181. Defendants deny the allegations in Paragraph 181 of the Complaint.

182. Defendants deny the allegations in Paragraph 182 of the Complaint.

183. Defendants incorporate by reference the responses to paragraphs 1 through 182, as if fully set forth herein.

184. Paragraph 184 of the Complaint sets forth certain provisions from the ASA, and no response is required. To the extent a response is required, Defendants refer the Court to the ASA for the provisions of the ASA. To the extent a further response is required, Defendants deny the allegations in Paragraph 184.

185. Defendants deny the allegations in Paragraph 185 of the Complaint.

186.   Defendants deny the allegations in Paragraph 186 of the Complaint.

187.   Defendants deny the allegations in Paragraph 187 of the Complaint.

Dated: September 14, 2007

                        SUSMAN GODFREY, LLP

                        By:   "/s/"
                              Vineet Bhatia (VB 9964)
                              1000 Louisiana Street, Suite 5100
                              Houston, Texas 77002
                              Telephone: (713) 653-7855
                              Facsimile: (713) 654-3344

                        Attorneys for Defendants
                        Tech Spray Management Company, LLC and
                        Richard and Rita Russell

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record, who are deemed to have consented to electronic service are being served this 14th day of September 2007 with a copy of this document via the Court's CM/ECF system per Local Rule 5.2.

David Monachino
SEYFARTH SHAW, LLP
620 Eighth Avenue
New York, New York 10018-1405
dmonachino@seyfarth.com

Michael D. Wexler
Jason P. Stiehl
SEYFARTH SHAW, LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
mwexler@seyfarth.com
jstiehl@seyfarth.com

"/s/"
Vineet Bhatia