David M. Monachino (DM 1527)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Michael D. Wexler, Esq. (*Pro hac vice*)
Jason P. Stiehl, Esq. (*Pro hac vice*)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

Attorneys for Plaintiff ITW Tech Spray, L.L.C.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
ITW Tech Spray, L.L.C.,                :
                                       :   **ECF Case**
                Plaintiff,             :
                                       :   07 C 6676 (PAC)
        v.                             :
                                       :   **RULE 26(a) Disclosures**
Tech Spray Management Company, L.L.C., :
Richard Russell and Rita Russell,      :
                                       :
                Defendants.            :
------------------------------x

## PLAINTIFFS' INITIAL 26(a)(1) DISCLOSURE

Plaintiff ITW Tech Spray, L.L.C. ("TechSpray") hereby provides its disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). These disclosures represent information, documents and things reasonably available at this time. Plaintiff is continuing its investigation and will supplement these disclosures, as required by the Federal Rules of Civil Procedure, if supplemental information which has not already been disclosed in discovery becomes available. To the extent documents include discoverable

CH1 11323777.2

portions and portions constituting privileged subject matter, disclosure of the discoverable portions shall not constitute any waiver of privilege with respect to the privileged subject matter.

    **A.**    **The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

The following individuals are likely to have discoverable information that ITW may use to support its claims:

    1.    Mr. Richard Russell
            c/o Mr. Vineet Bhatia
            Susman Godfrey LLP
            1000 Louisiana Street 5100
            Houston, Texas 77002

Mr. Russell has knowledge of the following: (1) the use of John Grimes and Growth Capital Partners L.P. to market the sale of TechSpray L.P.; (2) the marketing of TechSpray L.P.; (3) any offers from other potential acquirers, and the bases for those offers; (4) the negotiations between ITW and TechSpray L.P.; (5) the relationship between TechSpray L.P. and Arkema; (6) correspondence between Arkema and TechSpray regarding a fourth amendment to the Arkema contract; (7) the fourth amendment to the Arkema contract; (7) the imminent departure of three key individuals from TechSpray L.P.; (8) the terms of the Acquisition and Sale Agreement between TechSpray L.P. and ITW, including the representations and warranties made by Richard Russell; (9) the relationship between Green Clean and TechSpray L.P.; (10) the existence of a virtual data room and the documents maintained in that room; (11) other employees of TechSpray's knowledge of the fourth amendment to the Arkema contract; and (12) other employees failure to disclose their knowledge of the fourth amendment to the Arkema contract.

    2.    Mr. John E. Grimes, Jr.
            Managing Director
            Growth Capital Partners
            2626 Cole Ave., Suite 240
            Dallas, Texas 75204

Mr. Grimes has knowledge of the following: (1) all negotiations between TechSpray and L.P. and any potential purchaser, including ITW; (2) the due diligence engaged in by ITW; (3) the documents made available to ITW through the Virtual Data Room; (4) the existence of Green Clean; (5) efforts undertaken by TechSpray L.P. to comply with its representations and warranties contained in the Acquisition and Sale Agreement.

      3.      Mr. Dan Miller
             Illinois Tool Works, Inc.
             c/o Seyfarth Shaw LLP
             131 S. Dearborn, Ste. 2400
             Chicago, Illinois 60603

Mr. Miller has knowledge of the following: (1) the failure of any TechSpray employee to make known the fourth amendment to the Arkema contract.

      4.      Mr. Gary Swink
             Illinois Tool Works, Inc.,
             c/o Seyfarth Shaw LLP
             131 S. Dearborn, Ste. 2400
             Chicago, Illinois 60603

Mr. Swink has knowledge of the following: (1) the failure of any TechSpray employee to make known the fourth amendment to the Arkema contract; (2) the bases for the purchase price paid for TechSpray L.P.; and (3) the damages suffered by ITW due to the failure by the Defendants to disclose the substantial increase in the price of 134a.

      5.      Mr. Steve Houseal
             Illinois Tool Works, Inc.,
             c/o Seyfarth Shaw LLP
             131 S. Dearborn, Ste. 2400
             Chicago, Illinois 60603

Mr. Houseal has knowledge of the following: (1) the failure of any TechSpray employee to make known the fourth amendment to the Arkema contract; (2) the bases for the purchase price paid for TechSpray L.P.; and (3) the damages suffered by ITW due to the failure by the Defendants to disclose the substantial increase in the price of 134a.

      6.      Mrs. Karla Jenkins
             Illinois Tool Works, Inc.,
             c/o Seyfarth Shaw LLP
             131 S. Dearborn, Ste. 2400
             Chicago, Illinois 60603

Mrs. Jenkins has knowledge of the following: (1) the failure of any TechSpray employee to make known the fourth amendment to the Arkema contract; (2) the investigation undertaken to uncover expenses incurred as a result of the failure to disclose the substantial increase in the price of 134a.

7.  Mr. Bill Koskie
    Former TechSpray employee
    Current Address Unknown

Mr. Koskie has knowledge of the following: (1) the negotiations of the price of the propellant known as 134a; (2) the negotiated price, per the fourth amendment to the Arkema contract, for 134a; and (3) the failure to disclose this information to ITW.

8.  Mr. Grant Russell
    Former TechSpray employee
    CAIG Laboratories, Inc.
    12200 Thatcher Ct.
    Poway, California 92064

Mr. Russell has knowledge of the following: (1) the negotiations of the price of the propellant known as 134a; (2) the negotiated price, per the fourth amendment to the Arkema contract, for 134a; (3) the failure to disclose this information to ITW; and (4) his failure to inform ITW of his imminent departure from TechSpray L.P..

9.  Mr. Jimmy Witcher
    Former TechSpray employee
    c/o Merrick Pet Food
    P.O. Box 9800
    Amarillo, TX 79105

Mr. Witcher has knowledge of the following: (1) the negotiations of the price of the propellant known as 134a; (2) the negotiated price, per the fourth amendment to the Arkema contract, for 134a; (3) the failure to disclose this information to ITW; and (4) his failure to inform ITW of his imminent departure from TechSpray L.P..

10. Mr. Sam Spradlin
    Former TechSpray employee
    c/o Merrick Pet Food
    P.O. Box 9800
    Amarillo, TX 79105

Mr. Spradlin has knowledge of the following: (1) the negotiations of the price of the propellant known as 134a; (2) the negotiated price, per the fourth amendment to the

CH1 11323777.2

Arkema contract, for 134a; (3) the failure to disclose this information to ITW; and (4) his failure to inform ITW of his imminent departure from TechSpray L.P.

**B.  A copy of, or description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

The Plaintiff has undertaken efforts to assemble the electronic mail of persons it believes are in the possession of relevant information germane to this litigation, including gathering documents from the accounts of Richard Russell, Grant Russell, Jimmy Witcher, Sam Spradlin, Bill Koskie, Bo Maurer and others, as well as documents retained by Dan Miller, Gary Swink, Karla Jenkins, Steve Houseal and others.  The Plaintiff also has in its possession a copy of all documents which resided in the Virtual Data Room during the due diligence process, which it believes also are within the custody or control of the Defendants.  The Plaintiff also has documents and letters reflecting correspondence between TechSpray employees and Arkema that were not disclosed to ITW during the due diligence process, as well as the signed Fourth Amendment to the Arkema contract.

Plaintiff reserves the right to supplement this disclosure as more information becomes available through discovery.

**C.  A computation of any category of damages claimed by the disclosing party, making available for copying as under Rule 34 the documents or other evidentiary material, not privileged from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

The Plaintiff seeks to recover the difference in the value of the company based upon the misrepresentations by TechSpray L.P. (*i.e.*, the failure to disclose the increase in 134a) and the actual value of the company had TechSpray made the disclosures required of it pursuant to the Acquisition and Sale Agreement. Moreover, Plaintiff seeks punitive damages, special damages, attorneys' fees and costs arising out of Defendants' fraudulent activities in an amount to be determined.  While investigation continues, upon information and belief, the Plaintiff has recalculated the difference utilizing the undisclosed 134a contract price, and through this calculation determined a difference in the value as approximately $10,500,000.

ITW reserves the right to supplement its disclosure of damage calculations with documents, witnesses, financial records, calculations and other relevant materials which become reasonably available to it during discovery in this matter.

**D. For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

None known at this time.

DATED: October 16, 2007

TECH SPRAY, L.P. and ITW TECH SPRAY, L.L.C.

By: _____
David M. Monachino (DM 1527)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Michael D. Wexler (Admitted Pro Hac Vice)
Jason P. Stiehl (Admitted Pro Hac Vice)
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603

*Counsel for Plaintiff*
*ITW Tech Spray, L.L.C.*

CH1 11323777.2

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2007, I electronically filed and emailed to the party listed below, Plaintiff ITW Tech Spray, L.L.C.'s Rule 26(a) Disclosure:

**Vineet Bhatia, Esq.**
Susman Godfrey LLP
Email: vbhatia@susmangodfrey.com

I hereby certify that on October 16, 2007, Plaintiff ITW Tech Spray, L.L.C.'s Rule 26(a) Disclosure was served by depositing a true copy of same, enclosed in a post-paid envelope addressed to the party listed below, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York by regular mail.

**Jeffrey G. Shrader, Esq.**
Sprouse Shrader Smith, P.C.
701 S. Taylor, Suite 500
Amarillo, TX 79105

_____
DAVID M. MONACHINO (DM 1527)