Crotty, J

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

ITW Tech Spray, L.L.C.,                  : ECF Case

               Plaintiff,            : 07 Civ. 6676

    v.                                    : **PROTECTIVE ORDER**

Tech Spray Management Company, L.L.C.,   :
Richard Russell and Rita Russell,        :

               Defendants.           :

------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 1 3 2007
```

    This matter having come before this Court by stipulation by and between counsel for plaintiff and defendants for the entry of a protective order concerning the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel, or by any non-party, and the parties having stipulated and agreed to the terms set forth below, in accordance with Federal Rule of Civil Procedure 26(c),

    IT IS HEREBY ORDERED:

    1.    Scope of Order. This Protective Order (the "Order") shall govern the use and disclosure of all confidential, proprietary or trade secret information ("Protected Information") produced by or on behalf of any party or furnished by any person associated with any party on or after the date of this Order in any pleading, deposition, interrogatory, request for admission, document production, or any other disclosure or discovery proceeding in this action until further order of this Court. Any confidential or proprietary or trade secret information produced in discovery, including initial disclosures, shall only be used for the purposes of this action (including any appeals or retrials) and only as provided in this Order.

Protected Information shall include, *inter alia*, any document or thing that the producing party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known, and which the producing party would not normally reveal to third parties or which it would cause third parties to maintain in confidence, and that, if disclosed, likely would cause the producing party serious harm. Protected Information includes, but is not limited to, technical information such as product design and manufacturing techniques or processing information, computer code, formulae, research and development information, customer lists, business development, marketing, sales, staffing, personnel data, information provided by customers which is subject to confidentiality agreements with customers, cost, pricing, and/or profit information, forecasts, plans, methods and/or models, patent-license agreements, or information that was generated in connection with, or which reveals the content of, patent licensing negotiations, information regarding software offerings that a party has treated as confidential and is not subject to public disclosure, and any other information that would qualify as confidential pursuant to any other legal standard applicable to cases pending before this Court. Protected Information further includes, without limitation, any trade secrets or other confidential information extracted or derived from Protected Information.

2.  <u>Confidentiality Designations</u>. Any party to this action may designate any document, information, or discovery response, produced in this case as protected by marking each page of it at or before the time of production or exchange with the legend "CONFIDENTIAL." Such designations may also be made in the course of depositions. All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal or financial information or (b) information subject to a legally protected right of privacy.

3. <u>Undertaking</u>. Any documents or materials marked "CONFIDENTIAL" shall be held in confidence by each person to whom they are disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, trial, and appeal of this action; shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities and access to such information, document, material, item, or thing shall be permitted only to persons properly having access thereto under the terms of this Order.

4. <u>Manner of Designation</u>.

a. The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL" on all pages or any part of the document or thing. Documents or information designated as "CONFIDENTIAL" before entry of this Order shall be treated as "CONFIDENTIAL" within the meaning of this Order. The non-designating party may challenge any designation of confidentiality in accordance with Paragraph 11.

b. All deposition transcripts in this action shall be treated by all parties as provisionally protected as "CONFIDENTIAL" for a period of fourteen (14) calendar days following receipt of the transcripts. Within the fourteen (14)-day period, any party may designate particular portions of a transcript as "CONFIDENTIAL" information by giving written notice of such designation to every other party to the action.

5. <u>Use of and Access to Confidential Information</u>.

a. <u>CONFIDENTIAL:</u> Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents,

things, or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

    i. The Court, or any Court personnel;

    ii. Court Reporters employed in connection with this action;

    iii. Counsel for the parties in this proceeding and other attorneys, paralegals, law clerks, or clerical staff working with those attorneys;

    iv. (1) Any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing; (2) any party to this action including no more than five (5) regular employees of any corporate party in receipt of information produced in this action designated "CONFIDENTIAL"; and (3) any witness at a deposition, hearing, or trial, if the witness is or was employed by the producing party, and provided that said witness has executed a certification in accordance with Paragraph 6 below;

    v. Any expert or Technical Advisor retained by any party for the purposes of this action (who shall not be an employee of or a non-litigation consultant to a party), provided that said experts or Technical Advisors have executed a certification in accordance with Paragraph 6 below; or

    vi. Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court.

c. All documents of any nature, including briefs, motions or other papers that refer to or attach Protected Information shall be filed or used under seal in accordance with the provisions of Paragraph 8 of this Order.

4

CH1 11344918.2

6. <u>Certification of Confidentiality</u>. Before giving any witness, expert, or Technical Adviser access to information, documents, or things designated as "CONFIDENTIAL," the parties' Counsel who seeks to disclose such information to such witness, expert, or Technical Adviser shall require the witness or technical adviser to read and agree to be bound by this Order by signing the following certification:

> I certify my understanding that documents, information, answers, and responses are provided to me pursuant to the terms and restrictions of the Court's Protective Order on Confidentiality in *ITW Tech Spray, L.L.C. vs. Tech Spray Management Company, L.L.C., Richard Russell and Rita Russell*, Case No. 07 Civ. 6676. I have been given a copy and have read that Order. I hereby agree to be bound by that Order.
>
> I have had the meaning and effect of that Order explained to me by counsel who provided me with the information. I understand that such information and documents, and any copies, any notes, or any other memoranda regarding information in such documents, shall not be disclosed to others except in accordance with that Order, and shall be used only for purposes of this proceeding, and not for any other purpose.
>
> I understand that a violation of the Court's Order and/or this Certification is subject to sanctions, including, without limitation, being punished for contempt of court. I agree to be subject to the jurisdiction of this Court.

7. <u>Safeguarding Confidential Information</u>. The recipient of any "CONFIDENTIAL" material provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

8. <u>Filing Procedures</u>. All Protected Information designated as "CONFIDENTIAL" and any transcript, chart, brief, affidavit, exhibit, motion, or other document containing any such Protected Information which a party hereto wishes or is required to file in connection with this action, shall be submitted by a party to chambers in a sealed envelope or other sealed container with a cover sheet disclosing the following:

    a.    The caption of the case, including the case number;

    b.    The title of the motion or response to which the submitted Confidential Information pertains;

    c.    The title "Restricted Document";

    d.    A statement indicating that the document is filed as restricted in accordance with an order of court and the date of that order; and

    e.    The name, address, telephone number, and signature of the attorney of record or unrepresented party filing the document.

A redacted copy of the paper that contains Protected Information may be filed for the public record.

    9.    <u>Final Disposition</u>. Within ninety (90) days of the conclusion of this action, including any appeals, all "CONFIDENTIAL" information furnished pursuant to the terms of this Order, and any notes reflecting Protected Information and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing that Information or be destroyed (and certified by affidavit as having been destroyed) by the party in possession thereof, provided that counsel for the parties may retain their notes and any work product materials.

    10.    <u>Challenging Confidential Designation</u>. A party may oppose the designation of protected material at any time before trial by filing a motion with the Court. Until a motion is filed and resolved by the Court, all documents and materials with which a confidential designation is being challenged shall be treated in the confidential manner that they have been designated by the producing party as prescribed in this Order. Upon a motion of a party to this Order, a court of competent jurisdiction may at any time examine and review in camera any document governed by the terms of this Order.

CH1 11344918.2

11. **Modification of Order.** Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order.

12. **Use of Information.** Nothing in this Order shall limit the producing party or person from using its own documents and information in any fashion it may desire.

13. **Production by Non-Parties.** The existence of this Order shall be disclosed to any non-party producing documents or information in this action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order.

14. **Limitations to Application.** The restrictions set forth in any of the paragraphs hereof with respect to information, documents, or things designated as "CONFIDENTIAL" shall not apply to:

   a. Any information, document, or thing which at the time of disclosure to a receiving party is in the public domain;

   b. Any information, document, or thing which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order; or

   c. Any information, document, or thing which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

SEYFARTH SHAW LLP

By: _____
Michael D. Wexler (admitted pro hac vice)

SUSMAN GODFREY, L.L.P.

By: _____
Vineet Bhatia (VB 9964)

7

CH1 11344918.2

Jason P. Stiehl (admitted *pro hac vice*)
David Monachino (DM-1527)
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Plaintiffs Tech Spray, L.P., and ITW Tech Spray, L.L.C

1000 Louisiana Street, Suite 5100
Houston, Texas 77002
(713) 653-7855

Jeffrey G. Shrader
SPROUSE SHRADER SMITH, P.C.
701 S. Taylor, Suite 500
Amarillo, Texas 79105
(806) 468-3300

Attorneys for Defendants Tech Spray Management Company, L.L.C., Richard G. Russell and Rita Russell

SO ORDERED:

_____
Hon. Paul A. Crotty   PAC
United States District Judge

December 13, 2007